### OHIO EX REL. DAVIS V. TOOKER, INSPECTOR OF BUILDINGS.

RIGHT TO REFUSE A PERMIT FOR THE ERECTION OF A BUILDING WITH AN ORIEL WINDOW.
   Building inspectors, whose duties are defined by section 8223-72 (sec. 4) of the Revised
   Statutes of Ohio, cannot refuse to grant a permit for the erection of a building with
   an oriel window, projecting out over a sidewalk, in the absence of a city ordinance,
   prescribing or regulating the limits of such windows.

MANDAMUS.

SWING, J.

Section 8223-72. Section 4 of the Revised Statutes of Ohio defines the duties of the inspector. It says: "It shall be the duty of the inspector appointed under the provisions of this act to inspect any building or structure which may be in the course of construction or alteration within the limits of said city, and to see that such building or structure is being constructed or altered according to the provisions of this act and all acts and ordinances in force in said city."

The inspector refused to grant the permit asked for by the relator for the reason that the plan contemplates an oriel window commencing twenty-seven feet above the sidewalk and extending out over the sidewalk at the farthest point three feet. It was admitted that the plan of the building, simply as a building, was unobjectionable and conformed to all the provisions of the aforesaid building act of Ohio, and that the projection of the oriel window over the sidewalk was the reason assigned by the inspector for refusing the permit.

It was further admitted that there was no ordinance of said city of Cincinnati which regulated or prohibited the construction of oriel bay windows extending beyond the line of the owner's lot into the sidewalk or street.

It was further shown that hundreds of buildings have recently been constructed in said city with projections of a like nature.

The evidence further showed that the purpose of placing this oriel window on the building was to beautify it. It seems to us that the question presented in this application is not difficult of solution, and is confined within a very narrow compass.

The inspector is bound to issue a permit to erect a building to one properly applying for one, when the proposed building is in accordance with the above act, and it is admitted that this building is in accordance with said act.

It is further admitted that there is no ordinance of said city which regulates or prescribes the limits of bay or oriel windows or like features of buildings, and therefore the inspector cannot say that this proposed building is not in accordance with any ordinance of said city, or that there is any ordinance of said city which prohibits it; and therefore, if it is not contrary to the law of the state or the city, he cannot refuse, for as building inspector acting under this law, he is the agent of the state to carry out the provision of this law, and he can not take upon himself any authority in regard to the city not imposed upon him by this act. This can only be done by the city passing an ordinance which by force of this law then becomes a part of his duty.

In this case there was no law or ordinance which justified his refusal to grant the permit asked for, and a writ of mandamus should issue as prayed for.

*Bromwell & Bruce* and *W. M. Ampt*, for the Relator.
*Corporation Counsel*, for the Building Inspector.